UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELISABETH S. BROCKIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-0185-G |
| AMERIPATH, INC., | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion by the plaintiff Dr. Elisabeth S. Brockie ("Brockie" or "the plaintiff") for an extension of time to respond to the motion by the defendant Ameripath, Inc. ("Ameripath" or "the defendant") for summary judgment. For the reasons stated below, the motion for continuance is denied.

### I. BACKGROUND

This case stems from Ameripath's termination of Brockie's employment, allegedly in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.001 *et seq.* On November 22, 2006, two days prior to the final date for dispositive motions as set by this court's pretrial scheduling order, *see* Order

Establishing Schedule and Certain Pretrial Requirements ¶ 3(b), Ameripath filed its motion for summary judgment. Docket Sheet. Brockie filed the instant motion on November 30, 2006, for an extension of time to conduct additional discovery. *Id.*

Though a detailed discussion of events leading up to this motion is unnecessary, a brief review of the discovery time line is useful. In its initial discovery disclosure on April 20, 2006, Ameripath identified several individuals as having knowledge regarding Brockie's claims. Included among those names was Steven Fuller ("Fuller"). Plaintiff's Rule 56(f) Motion for Extension to Respond to Defendant's Summary Judgment Motion and Brief in Support ("Motion for Continuance") at 2. Brockie was informed on May 8, 2006, that Fuller is no longer employed by Ameripath and that Fuller resides in Florida. *Id.* On November 9, 2006, Brockie's own deposition was taken by Ameripath. *Id.* Prior that deposition, Ameripath noticed and subpoenaed Gin Petty ("Petty") for her deposition to be taken on the same day. *Id.* At the November 9th deposition of Brockie, defense counsel informed Brockie that Petty refused to comply with the earlier subpoena. *Id.* Brockie alleges that Ameripath did not inform her until November 27, 2006, that she would need to subpoena Petty and Fuller, two non-party witnesses, in order to obtain their depositions. *Id.* at 3; Defendant Ameripath, Inc's Response to Plaintiff's Rule 56(f) Motion for Extension to Respond to Defendant's Summary Judgment Motion and Brief in Support ("Response") at 4.

On November 13, 2006, Ameripath served on Brockie a supplemental initial disclosure listing fifteen additional individuals as persons with knowledge regarding Brockie's claims. Motion for Continuance at 3. Among these fifteen individuals were Dr. Denise Bannister, Dr. Margaret Bell, Dr. Steven Gadol ("Gadol"), Dr. Elizabeth Jekot ("Jekot"), Dr. Terre McGlothin ("McGlothin"), and Dr. Cinda Stoddard ("Stoddard"). *Id.* Brockie argues that the depositions of these six doctors, Fuller, and Petty are needed in order for her to respond to Ameripath's motion for summary judgment. *Id.* at 4. To be sure though, of these eight individuals whom Brockie seeks to depose, she identifies only Gadol, Stoddard, Jekot, and McGlothin as being referenced in Ameripath's motion for summary judgment. *Id.* at 3. Upon review of Ameripath's appendix in support of its motion for summary judgment, the court finds that Ameripath submitted for consideration by the court sworn statements only from Gadol and Stoddard.

Ameripath opposes the requested extension and asserts that any delay in discovery is attributable to Brockie. Ameripath alleges that no later than Brockie's deposition on November 9th, Brockie was aware that all of the individuals whom she seeks to depose had knowledge regarding her claims. *See generally* Response at 2-5. As for Stoddard, Ameripath asserts that Brockie, in her November 9th deposition, admitted that Stoddard had the opportunity to review Brockie's work. Response at 3. With regard to Gadol, Ameripath avers that Brockie was aware of Gadol's

knowledge prior to the initiation of the underlying suit as it was his complaint that led to her suspension and that Gadol was also identified in Ameripath's Equal Employment Opportunity Commission position statement which was produced on November 11, 2005.  *Id.*

## II.  ANALYSIS

A motion requesting an extension of time for the nonmoving party to respond to a motion for summary judgment is a motion for continuance pursuant to FED. R. CIV. P. 56(f).  Rule 56(f) motions are "broadly favored and should be liberally granted."  *Culwell v. City of Fort Worth*, ___ F.3d ___, 2006 WL 3072518, at *3 (5th Cir. 2006); see also *Wichita Falls Office Associates v. Banc One Corporation*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992) ("Such 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.' " (quoting *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992))), *cert. denied*, 508 U.S. 910 (1993). However, the duty remains on the non-moving party to diligently pursue the relevant discovery; "the trial court need not aid non-movants who have occasioned their own predicament through sloth."  *Wichita Falls Office Associates*, 978 F.2d at 919.

The party seeking continuance must:  (1) request the continuance prior to the district court's ruling on the motion for summary judgment; (2) put the district court

on notice that the party is seeking further discovery pertaining to a pending motion for summary judgment; and (3) demonstrate to the district court specifically how the requested discovery pertains to the pending motion.  *Id.*  In demonstrating the third element, the non-moving party must show why she needs the additional discovery to oppose the motion for summary judgment and how the discovery sought will create a genuine issue of material fact.  *Adams v. Travelers Indemnity Company of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006).  "A party 'cannot evade summary judgment simply by arguing that additional discovery is needed,' and may not 'simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'"  *Id.* (quoting *Brown v. Mississippi Valley State University*, 311 F. 3d 328, 333 n. 5 (5th Cir. 2002), and *Karaha Bodas Company v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir.), *cert. denied*, 543 U.S. 917 (2004)).

Because Brockie fails to demonstrate to the court how the requested discovery pertains to the pending motion for summary judgment, her request for a continuance is denied.  In her brief, she asserts only that "[i]n order for Plaintiff to adequately respond to Defendant's motion [for summary judgment], she must have the opportunity to depose these individuals" and that her request for additional time is not dilatory "but in an effort to obtain the requisite testimony needed to respond to Defendant's Motion for Summary Judgment."  Motion for Continuance at 4.  Brockie attempts to support this conclusory assertion with a citation to the affidavit of her

attorney; however, his sworn statement provides no further detail to the court. *See* Affidavit of Hal K. Gillespie ¶ 3, Nov. 30, 2006, *attached to* Motion for Continuance, *as* Exhibit A (stating "Defendant relies on the testimony and knowledge of several of these individuals in its motion for summary judgment including Doctors Gadol, Stoddard, Jekot and McGlothin.  In order for Plaintiff to adequately respond to Defendant's motion, she must have the opportunity to depose these individuals."). At no point does Brockie or her attorney state the information that is sought through the depositions or the genuine issue of material fact sought to be established through such additional discovery.  Despite the recognized liberal standard for granting Rule 56(f) motions, this court cannot rely on these conclusory assertions alone to support the motion for a continuance.

### III.  CONCLUSION

Brockie's motion for continuance to respond to Ameripath's motion for summary judgment is **DENIED**.

**SO ORDERED**.

December 8, 2006.

_____
A. JOE FISH
CHIEF JUDGE