UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELISABETH S. BROCKIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-0185-G |
| AMERIPATH, INC., ) | |
| ) | **ECF** |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Elisabeth S. Brockie ("Brockie") for reconsideration of the court's memorandum opinion and order of April 23, 2007 which granted summary judgment in favor of the defendant Ameripath, Inc. ("Ameripath"). Brockie also seeks leave to supplement the summary judgment record. For the reasons stated below, both motions are denied.

The Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba.*" *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as

motions for relief from judgment under Rule 60.  *Id.*  If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b).  *Id.*; *Harcon Barge Company, Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930 (1986).  In this case, because the motion was filed within ten days of the court's order, the court will treat the motion under Rule 59(e).

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law."

Brockie urges reconsideration of the April 23 memorandum opinion and order because it "contains a factual mistake central to its grant of summary judgment in favor of Ameripath."  Plaintiff's Motion for Reconsideration and Motion to Supplement the Summary Judgment Record ("Motion for Reconsideration") at 1.  This factual mistake, according to Brockie, is shown by the deposition testimony of Virginia Petty, as outlined in Brockie's motion.

The problem with Brockie's argument regarding mistake, however, is that Petty's testimony was not part of the summary judgment record at the time the court

ruled, a fact tacitly acknowledged by Brockie's additional motion to supplement the summary judgment record.

Once Ameripath, as the movant for summary judgment, made the showing required by Rule 56(c), F.R. CIV. P., Brockie was required to "'designate' the specific facts in the record that create genuine issues precluding summary judgment." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). See also *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998) (opponent of motion for summary judgment "is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim"); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.) (same), *cert. denied*, 513 U.S. 871 (1994). The court "had no obligation to consider evidence that [Brockie] did not bring forth in opposition to the summary judgment motion[]." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996).

Brockie argues that although the Petty deposition was not taken until *after* her response to Ameripath's motion for summary judgment was filed, Motion for Reconsideration at 5, the testimony was nevertheless before the court in connection with Ameripath's motion to strike Petty's summary judgment affidavit. *Id*. This argument ignores two critical points central to the decision of summary judgment motions. First, Brockie admits, as she must, that she did not "designate" or "identify" this evidence, in her response, as creating a genuine issue of material fact. Motion for

Reconsideration at 1 n.1 ("Because Plaintiff's response deadline had passed, she was not permitted to submit <u>argument</u> that would have pointed the Court to this evidence.") (emphasis in original) and 5-6 ("Brockie was unable to provide argument [regarding this evidence] in response to the motion for summary judgment").  She nevertheless contends that the Petty deposition testimony "was properly part of . . . the summary judgment evidence."  Motion for Reconsideration at 8.  Apparently her contention is that because the testimony of Ms. Petty was in the record, the court, on its own, was supposed to locate -- without any "designation" or "identification" from Brockie -- this specific excerpt of testimony.

  Such a contention, however, demonstrates the second fallacy in Brockie's argument.  This court has no duty "to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Doddy*, 101 F.3d at 463; *Jones*, 82 F.3d at 1338.  Brockie is also wrong in asserting that merely because the Petty testimony was on file, it was part of the summary judgment record.  See *Nissho-Iwai American Corporation v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) ("The petition for rehearing asserts that the second Kline deposition was of record at the time the district court granted partial summary judgment, [but] Kline still failed to designate, or in any way refer to, the deposition as the source of factual support for her response to Nissho's motion.  Thus, the deposition was never made part of the competent summary judgment record before the district court.").

Even if the court were to consider the deposition testimony of Petty at this late date, it is still insufficient to show a genuine issue of material fact for trial. In the prior memorandum opinion, the court stated:

> [W]hen a plaintiff is able to offer direct evidence in support of a Title VII claim, the defendant must produce evidence to show that the adverse employment decision would have occurred even in the absence of the unlawful purpose. See *Fierros v. Texas Department of Health*, 274 F.3d 187, 192 (5th Cir. 2001). Direct evidence in the context of Title VII includes "any statement or written document showing a discriminatory motive on its face." See *id.* at 195 (quoting *Portis v. First National Bank*, 34 F.3d 325, 329 (5th Cir. 1994)). Direct evidence is "evidence which, if believed, proves the fact without inference or presumption." [*Davis v. Moore Wallace, Inc.*, 217 Fed. App'x 313, 315 (5th Cir. 2007)] (quoting *Brown v. East Mississippi Electric Power Association*, 989 F.2d 858, 861 (5th Cir. 1993)). . . .

Not all comments made in the workplace are sufficient to provide evidence of discrimination. See *Krystek v. University of Southern Mississippi*, 164 F.3d 251, 256 (5th Cir. 1999). For a comment to constitute evidence of discrimination, the comment must be "1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Id.* (quoting *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996) (alteration in original)); see also *Wallace v. Methodist Hospital*

*System*, 271 F.3d 212, 222 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002); *Brockie*, 2007 WL 1187984, at *7-8.

Applying this standard to the statement by Hebert, the court held:

> While the facts in evidence indicate that Brockie has satisfied the third element (Hebert was in a position of authority over the employment decision at issue), *Brockie advances no evidence in support of the other three elements*. First, it is not clear on the face of the statement that Hebert's alleged "streetwalker" comment was related to the protected class of which Brockie is a member. Even if it is assumed that the comment meets the first element of the four-part test, however, Brockie has furnished no information as to the proximity in time between Hebert's utterance and the employment decision and she has provided no argument that the comment was related to Hebert's decision to fire Brockie.
>
> The court concludes that the statement by Hebert, albeit crude and probably offensive, does not rise to the level of direct evidence contemplated by the case law. To say that the "streetwalker" comment, spoken in jest or otherwise, "proves the fact without inference or presumption" that Ameripath fired Brockie on the basis of her gender is erroneous. Compare [Plaintiff's Brief in Opposition to Defendant's Brief in Support of Its Motion for Summary Judgment at 35] ("Dr. Brockie has the reputation of being a streetwalker") with [*Vance v. Union Planters Corp.*, 209 F.3d 438, 442 (5th Cir. 2000), *cert. denied*, 537 U.S. 815 (2002)] (finding the statement by the employer that he wanted a "mature man" for the position to be gender related).

*Brockie*, 2007 WL 1187984, at *8-9 (emphasis added).[1]

---

[1] To the extent that Brockie takes issue with the court's statement that Hebert's streetwalker comment was "probably offensive," Brockie misses the mark.
(continued...)

The court, in an effort to conserve judicial resources, chose not to give in depth treatment to the first element of the *Krystek* test in its prior memorandum opinion and instead focused on the second element, the proof of which was glaringly absent from Brockie's response to the motion for summary judgment. Now, the court must return to its analysis of the first element from *Krystek* and determine whether the streetwalker comment "related [to the protected class of persons of which the plaintiff is a member]". 164 F.3d at 256. The court finds that the comment was not related to Brockie's membership in the protected class of women.[2]

Brockie's own motion for reconsideration supports this conclusion. In footnote 3 of the motion for reconsideration, Brockie quotes WEBSTER'S NEW

---

[1](...continued)
*See* Motion for Reconsideration at 2 n.3. She stated, "By finding the 'statement' was 'probably offensive,' instead of describing the statements (plural) as patently offensive and reprehensible, on these central facts the Court failed to view the evidence in the light most favorable to the non-movant and, instead, viewed the evidence in an unrealistic light most favorable to AmeriPath [sic]." *Id.* Whether the court found the statement to be "offensive" or "probably offensive" is irrelevant to the underlying motion for summary judgment because the offensiveness of the comment is not an issue in a case of employment discrimination. See *Read v. BT Alex Brown Inc.*, 72 Fed. App'x 112, 120 (5th Cir. 2003) ("Mere stray remarks, however distasteful, do not demonstrate discriminatory animus."). Rather, Brockie needed to show that the comment constituted direct evidence of discriminatory animus on the part of Ameripath.

[2] To be clear, the court did not find, in the prior memorandum opinion, that the comment was related to Brockie's membership in a protected class. See *Brockie*, 2007 WL 1187984, at *9 ("To say that the "streetwalker" comment, spoken in jest or otherwise, "proves the fact without inference or presumption" that Ameripath fired Brockie on the basis of her gender is erroneous.").

WORLD DICTIONARY OF THE AMERICAN LANGUAGE, COLLEGE EDITION 1964) for the definition of the terms "streetwalker." According to Brockie, a streetwalker is "a *person* who walks in the streets; especially a prostitute who seeks trade along the streets." Motion for Reconsideration at 2 n.3 (emphasis added). The court found other contemporary recitations of the definition of the term "streetwalker" to be similarly ambiguous with regard to gender. *See* Merriam-Webster Online, http://www.m-w.com/dictionary/streetwalker (last visited July 13, 2007) (streetwalker: "prostitute; *especially*: one who solicits in the streets") (emphasis added); Merriam-Webster Online, http://mw1.merriam-webster.com/dictionary/prostitute (last visited July 13, 2007) (prostitute: "1 a: a *woman* who engages in promiscuous sexual intercourse especially for money"; "b: a *male* who engages in sexual and especially homosexual practices for money") (emphasis added); Cambridge Dictionaries Online, http://dictionary.cambridge.org/define.asp?key=78760&dict=CALD (last visited July 13, 2007) (streetwalker: "a prostitute who looks for customers outside in public places); Cambridge Dictionaries Online, http://dictionary.cambridge.org/define.asp?key=63590&dict=CALD (last visited July 13, 2007) (prostitute: "a *person* who has sex with someone for money") (emphasis added). By the plaintiff's own definition (and supported by the more contemporary definitions), the word "streetwalker" is unrelated to her membership

in a protected class.  That is, referring to Brockie as a streetwalker is unrelated to her gender, as the term is equally applicable to men and women.

Moreover, Hebert's comment about Brockie does not "prove[ ] the fact without inference or presumption."  See *Davis*, 217 Fed. App'x at 315.  The only way Hebert's statement could be probative of discriminatory animus against women is if his statement means:  all streetwalkers are women; Brockie is a woman; I do not want a streetwalker to be employed by Ameripath; therefore Brockie (as a woman) must be fired.[3]  Against the backdrop of decisions from other courts within the Fifth Circuit, Hebert's comment falls woefully short of being a statement that proves the issue without inference.  Compare *Vance*, 209 F.3d at 442 (statement that the bank "wanted to hire a 'mature man' is certainly related to sex . . . .  Therefore, the comment qualifies as direct and material evidence of sex discrimination."); *Haun v. Ideal Industries, Inc.*, 81 F.3d 541, 546 (5th Cir. 1996) (statement that company's president did not want to hire older workers constituted direct evidence of age discrimination); *Portis v. First National Bank*, 34 F.3d 325, 329 (5th Cir. 1994) (statement by supervisor that a female subordinate "would never be worth as much as a man to the bank" was direct evidence of discrimination); *Johnson v. Saks Fifth Avenue Texas, LP*, Civ. A. No. H-05-1237, 2007 WL 781946, at *22 (S.D. Tex. Mar. 9,

---

[3]  Of course, the evidence in the case shows that this inference is unwarranted because Ameripath replaced Brockie with a woman.  See *Brockie*, 2007 WL 1187984, at *10.

- 9 -

2007) (comments by supervisor referring to African Americans as "niggers" and using the phrase "black bitch" to describe one African American woman sufficiently related to the African American plaintiff's status as a member of a protected class); *Pruitt v. Dallas Independent School District*, No. 3:04-CV-0554-D, 2006 WL 1359909, at *4 (N.D. Tex. May 16, 2006) (Fitzwater, J.) (statement by supervisor that "a woman can't be over a man" sufficiently related to female employee's membership in a protected class); *Penman v. Snow*, No. 1:04-CV-37LG-RHW, 2006 WL 1195336, at *3 (S.D. Miss. May 4, 2006) (statement that "'because of [plaintiff's] color, [he] would have trouble dealing with the people out there collecting money for the IRS'" was related to the protected class of which the plaintiff was a member), with *Boyd v. Guidant Sales Corporation*, No. 3:05-CV-1822-M, 2007 WL 415328, at *4-5 (N.D. Tex. Feb 7, 2007) (Lynn, J.) (deposition testimony that director "began targeting certain individuals all over the age of forty for unfavorable employment actions. [The Area Director] said they were making too much money and we could 'hire younger people who were cheaper'" insufficient to constitute direct evidence of discrimination); *Jones v. Heritage Properties, Inc.*, No. 2:05-CV-162-P-B, 2007 WL 187799, at *5-6 (N.D. Miss. Jan. 22, 2007) (statement by co-owner of apartment complex about African American employee-plaintiff that co-owner "did not like having [the plaintiff] be the first face that a person sees upon coming through the door of the [apartment] office" was not "direct and unambiguous" and "would require

inferences and presumptions on the jury's part to conclude that the comment referred to the plaintiff's race."); *Harris v. Park Cities Volkswagen*, 3:03-CV-0328-BD, 2004 WL 76382, at *3 (N.D. Tex. Jan. 13, 2004) (Kaplan, Magistrate J.) (statement to African American applicant that "you look like you will intimidate my managers" and statement to other African American applicant that he was not "the type of person the company was looking to hire" were not related to the applicant's race); *Taylor v. United Parcel Service of America, Inc.*, No. 3:02-CV-2536-G, 2003 WL 23119145, at *4 n.2, 8 (N.D. Tex. Dec. 31, 2003) (Fish, C.J.) (comment by supervisor calling African American employee "boy" not related to employee's race); *Phillips v. Credit Lyonnais*, No. 3:00-CV-1638-G, 2002 WL 1575412, at *8-9 (N.D. Tex. July 16, 2002) (Fish, C.J.) (statement by supervisor that he "needed someone who would be there" not related to employee's status as a pregnant woman); *Wallace v. Methodist Hospital System*, 85 F. Supp. 2d 699, 712-13 (S.D. Tex. 2000) (statement during performance review that company "did not know how to categorize [plaintiff] because [plaintiff] was gone three months last year, and . . . would be gone three months again this year" related to her absence from work, not her pregnancies, and thus not direct evidence of discrimination), *aff'd*, 271 F.3d 212 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002).

The comment by Hebert was not related to the plaintiff's position as a member of a protected class. It is only through inference that the statement becomes related

to her gender. Accordingly, the comment is insufficient to constitute direct evidence of discrimination under the *Krystek* four-part test.[4]

Accordingly, Brockie's motion for reconsideration is **DENIED**.

**SO ORDERED**.

July 23, 2007.

```
                                          _____
                                          A. JOE FISH
                                          CHIEF JUDGE
```

---

[4] Because the comment does not demonstrate a discriminatory animus, it is similarly insufficient to serve as evidence or pretext in a circumstantial evidence case. See *Phillips v. TXU Corporation*, 194 Fed. App'x 221, 227-28 (5th Cir. 2006). Furthermore, as would be the situation in this case, under a circumstantial evidence theory of discrimination, a stray remark alone is insufficient to demonstrate pretext. See *Palasota v. Haggar Clothing Company*, 342 F.3d 569, 577 (5th Cir. 2003), *cert. denied*, 540 U.S. 1184 (2004).